IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10534
Conference Calendar
_____

NORMAN DUANE WATSON,

Plaintiff-Appellant,

versus

RALPH H. WALTON, JR.; RICHARD HATTOX;
RONNIE BLASINGAME; and HOOD COUNTY, TEXAS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-00288
- - - - - - - - - -

August 23, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Norman Duane Watson appeals the judgment of the district court dismissing as frivolous his civil rights action alleging violations of his constitutional rights in the prosecution and defense of his state conviction for murder. All of Watson's claims alleging harm caused by the defendants implicate the validity of his conviction. The gravamen of Watson's argument on appeal is that the district court erred in dismissing the action

_____

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

under 28 U.S.C. § 1915(d) without permitting him to amend his complaint or requiring the defendants to respond.

"[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).  In order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id.

It does not appear that Watson's "insufficient factual allegations might be remedied by more specific pleading.  Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).  Watson took the opportunity to plead his best case in 16 pages of facts in 49 paragraphs in his complaint.  See Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).  Moreover, Watson does not identify any additional facts in his brief that he would have alleged if he had been given the opportunity.  The district court did not abuse its discretion in dismissing the case without giving Watson an opportunity to amend.  Eason, 14 F.3d at 9.

Before reaching the Heck analysis, it is appropriate to consider whether the doctrine of absolute immunity applies.  See Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).  "Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the

presentation of the state's case."  Id. at 285.  "This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony."  Id.  Watson's allegations that Hattox influenced prospective witnesses and suborned perjury do not destroy the prosecutor's absolute immunity.  See id.  The district court's dismissal of the claims against Hattox was proper.

It is unnecessary to address Watson's remaining claims because they are not cognizable under § 1983.  In his complaint, Watson alleged that his conviction was affirmed on direct appeal and that state habeas relief was denied by the Texas Court of Criminal Appeals.  Watson did not allege that he has filed a federal application for writ of habeas corpus, but he stated that a writ of mandamus was pending in the district court "in lieu of the said state habeas corpus."  By his own allegations, Watson concedes that his conviction has not been reversed, expunged, invalidated or impugned; therefore, he "has no cause of action under § 1983."  Heck, 114 S. Ct. at 2373.

The district court did not abuse its discretion dismissing the action as frivolous.  See Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992).

AFFIRMED.